# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACQUELIN CHARLENE BARBOUR, <br> Appellant, | DOCKET NUMBER <br> DC-1221-20-0234-W-1 |
| v. | |
| DEPARTMENT OF HEALTH AND <br> HUMAN SERVICES, <br> Agency. | DATE: January 27, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacquelin Charlene Barbour, Cary, North Carolina, pro se.

Celene Wislon, Bethesda, Maryland, for the agency.

Elise Harris, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action appeal without prejudice to refiling. For the reasons set forth below, we DISMISS the petition for review as moot.

¶2        In his January 8, 2020 initial decision, the administrative judge dismissed the appeal without prejudice to refiling on or before July 6, 2020. *Barbour v. Department of Health & Human Services*, MSPB Docket No. DC-1221-20-0234-W-1, Initial Appeal File, Tab 5, Initial Decision. The appellant timely filed a petition for review of the initial decision on January 14, 2020. Petition for Review (PFR) File, Tab 1. While the petition for review was pending, the regional office automatically refiled the appeal on July 6, 2020. *Barbour v. Department of Health & Human Services*, MSPB Docket No. DC-1221-20-0234-W-2, Appeal File (W-2 AF), Tab 1. On July 10, 2020, the administrative judge dismissed the refiled appeal without prejudice to refiling on or before July 12, 2021. W-2 AF, Tab 7. The petition for review of the first initial decision was still pending when the regional office automatically refiled the appeal a second time on July 12, 2021. *Barbour v. Department of Health & Human Services*, MSPB Docket No. DC-1221-20-0234-W-3, Appeal File (W-3 AF), Tab 1. On July 27, 2021, the administrative judge issued an initial decision dismissing the refiled appeal with prejudice as withdrawn. W-3 AF, Tab 6. That decision became the final decision of the Board when neither party filed a petition for review before the August 31, 2021 filing deadline. *Id.* at 2.

¶3        The only matter before the Board in this petition for review is whether the first dismissal without prejudice was proper.[2] The remedy for an improperly

---

[2] On July 26, 2021, the appellant filed a pleading with the Board seemingly seeking to withdraw her petition for review. PFR File, Tab 6. On July 29, 2021, the Office of the Clerk of the Board issued an order requiring the appellant to confirm her intent to withdraw the petition for review and her understanding that any withdrawal is with

granted dismissal without prejudice is remand to the regional office for further adjudication of the appeal. *See, e.g.*, *Dey v. Nuclear Regulatory Commission*, 106 M.S.P.R. 167, ¶¶ 9-11 (2007). However, the underlying appeal has been refiled twice and ultimately dismissed with prejudice as withdrawn during the pendency of this petition for review. Therefore, there is no meaningful relief the Board could grant even if we determined that the first dismissal without prejudice should not have been granted. *See White v. International Boundary & Water Commission*, 59 M.S.P.R. 62, 64-65 (1993) (dismissing a petition for review as moot when the Board could not grant effective relief). We therefore dismiss the petition for review. *See Villarreal v. Department of the Treasury*, 13 M.S.P.R. 82, 84 (1982) (dismissing a petition for review as moot in light of the appellant's decision not to refile his appeal because a Board opinion on the initial decision would have no effect on the parties in question).

¶4      This is the final order of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

prejudice to refiling with the Board. PFR File, Tab 7. The Office of the Clerk of the Board informed her that, if she failed to respond, it would take no further action regarding the withdrawal request and the Board would issue a decision on her petition for review upon restoration of a quorum. *Id.* The appellant has taken no further action to effect the withdrawal of her petition, and, therefore, we do not treat her petition as withdrawn.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.